# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY DEWAYNE FOSTER** | **CIVIL ACTION NO. 25-377-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JUDGE MICHAEL PITMAN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jeremy Dewayne Foster, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in his court on March 24, 2025. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names Judge Michael Pitman as defendant.

Plaintiff claims that in November of 2023, he filed a motion to correct illegal sentence pursuant to La. C.Cr.P. Art. 882. He claims that on January 29, 2024, Judge Pitman denied his motion to correct illegal sentence. He claims he was not sent the denial of his motion to correct illegal sentence.

Plaintiff claims Judge Pitman violated his right to procedural due process because he was unable to appeal the ruling on his motion to correct illegal sentence. He argues that

minimal procedural due process provides that the parties whose rights are affected are entitled to be heard. He argues that to enjoy the right to be heard, a party must be notified.

Plaintiff claims Judge Pitman violated his right to substantive due process when he maliciously and unreasonably denied his motion to correct illegal sentence. He argues that Judge Pitman denied him his liberty because his sentence was illegal under La. R.S. 14:64.3. He claims he was sentenced to 15 years and five years, but La. R.S. 14:64.3 only provides for a five-year sentence. He further claims the 15-year sentence is not in the Bill of Information or the Uniform Commitment Order. Plaintiff claims he was only charged with the enhancement penalty of La. R.S. 14:64.3 which provides for a five-year sentence. He claims he was not charged with armed robbery under La. R.S. 14:64.

Plaintiff claims Judge Pitman is a terrorist. He claims Judge Pitman denied liberty to a citizen when he denied his motion that should have been granted. He claims Judge Pitman has influenced the government of Louisiana through intimidation. He claims Judge Pitman is misusing the rules of Louisiana to deny him his vested Fourteenth Amendment right of liberty. He claims Judge Pitman violated 18 USCA 242 when he deprived him of his rights under the color of authority.

Plaintiff claims that in February of 2024, he sent a second motion to correct illegal sentence to Judge Pitman by certified mail. He claims Judge Pitman violated his Fourteenth Amendment right to procedural and substantive due process when he failed to send the denial of the motion. He claims this is an act of rebellion and terrorism. He claims Judge Pitman also subjected him to cruel and unusual punishment.

Plaintiff claims Judge Pitman committed rebellion under 18 USCA 2383 by going against the oath of Article VI of the United States Constitution, by preventing him from obtaining liberty, and by violating his Fourteenth Amendment due process rights.

Accordingly, Plaintiff seeks injunctive relief including to be released from prison, substantive relief including monetary compensation, and punitive damages.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

**Judge Michael Pitman**

Plaintiff cannot allege claims against Judge Michael Pitman. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) were centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the authority of Judge Michael Pitman as a judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Michael Pitman should be dismissed as frivolous.

**Habeas Relief**

To the extent Plaintiff seeks release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks his release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failing to state a claim for which relief may be granted pursuant to Section 1983. **IT IS FURTHER**

**RECOMMENDED** that Plaintiff's Writ of In Pais Estoppel by Mandatory Injunction of Immediate Release from the Department of Safety & Correction under 28 USC 1333 (Doc. 3) and Plaintiff's Memorandum Order for Forum Conveniens to 28 USCA 1330(B) and (A) for 42 USCA 1983 Suit (Doc. 12) be **DENIED**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 30th day of June 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge